**SHU JUAN JIANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondents.**

No. 04–3917–AG.

United States Court of Appeals, Second Circuit.

April 5, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney, Karin B. Hoppmann, Kendell W. Wherry, Assistant United States Attorneys, Orlando, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 5th day of April, Two thousand and six.

UPON DUE CONSIDERATION of the petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Shu Juan ("Jiang") petitions, through counsel, for review of the BIA's decision denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's factual findings, including adverse credibility determinations under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 305, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The BIA's adverse credibility determination was supported by substantial evidence. The BIA described four inconsistencies which supported the adverse credibility determination. Jiang argues with respect to one finding—that she was inconsistent because she testified that she was fined following her first pregnancy because she was too young, but later testified that the fine was imposed because her husband was too young—that it was an improper basis for the negative credibility finding because the IJ failed to ask her to explain the inconsistency. Although this Court has concluded that testimony may not be dismissed as too vague where it satisfies the elements of the refugee category *unless* an IJ has questioned the alien further in order to draw out inconsistencies, *see Cao He Lin v. U.S. Dept. of Justice*, 428 F.3d 391, 400–01 (2d Cir.2005), we have explicitly held that an IJ may rely on an inconsistency in the record "without soliciting from the applicant an explanation for the inconsistency." *Majidi v. Gonzales*, 430 F.3d 77 (2d Cir.2005). Jiang has failed to challenge any of the BIA's other factual findings on appeal.

This Court cannot address Jiang's claim that the interpreter at her hearing was incompetent. The claim was not raised below and, therefore, was not exhausted. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).